IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| FARMERS INSURANCE CO., INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number CIV-07-1421-C |
| | ) | |
| (1) TIMOTHY DANIEL, as Special | ) | |
| Administrator of the Estate of WILLIAM | ) | |
| DANIEL; (2) BRAD PICCOLO; (3) BEN | ) | |
| HAN; (4) JOHN COOPER; (5) SANDRA | ) | |
| KNIGGE, Personal Representative of the | ) | |
| Estates of NICHOLAS LEE KNIGGE, | ) | |
| deceased, and LISA FERN KNIGGE, | ) | |
| deceased, and as Guardian and next | ) | |
| friend of A.M.F., minor daughter, | ) | |
| L.R.K., minor son, M.N.K., minor | ) | |
| daughter, and CHRISTOPHER LEE | ) | |
| KNIGGE, adult son, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Following entry of Judgment in its favor in this declaratory judgment action, Plaintiff now seeks an award of attorneys' fees expended in prosecuting this case. According to Plaintiff, an award of attorneys' fees is required under Oklahoma law, may be awarded as a matter of discretion under the Declaratory Judgment Act, 28 U.S.C. § 2202, or under the Court's inherent equitable powers where an opponent has acted in bad faith, vexatiously, wantonly, or for oppressive reasons. Defendants Brad Piccolo, Ben Han, and Sandra Knigge filed a response arguing Plaintiff is not entitled to a fee award.

After consideration of the argument and law contained in Plaintiff's brief, the Court finds an award of fees is not warranted. Initially, Plaintiff relies on two separate Oklahoma statutes. First, Plaintiff asserts that as the prevailing party it is entitled to an award pursuant to 36 Okla. Stat. § 3629. Plaintiff argues that Oklahoma has indicated that statute should be interpreted broadly and that the Tenth Circuit has held the statute applies to award attorneys' fees in declaratory judgment actions. Plaintiff's position misapplies the holdings of the Tenth Circuit. The circuit considered the applicability of § 3629 in <u>An-Son Corp. v. Holland-America Insurance Co.</u>, 767 F.2d 700 (10th Cir. 1985), and in <u>Stauth v. National Union Fire Insurance Co.</u>, 236 F.3d 1260 (10th Cir. 2001). In each case the circuit determined the prevailing party in a declaratory judgment action was entitled to recover its attorneys' fees. However, the reasoning underlying those decisions establishes that such an award would be improper here. In <u>Stauth</u>, the circuit set out the basis for its holding:

> After all, the insurer had contracted to defend the insured, and it failed to do so. It guessed wrong as to its duty, and should be compelled to bear the consequences thereof. If the rule laid down by these courts [which have denied recovery] should be followed by other authorities, it would actually amount to permitting the insurer to do by indirection that which it could not do directly. That is, the insured has a contract right to have actions against him defended by the insurer, at its expense. If the insurer can force him into a declaratory judgment proceeding and, even though it loses such action, compel him to bear the expense of such litigation, the insured is actually no better off financially then [sic] if he had never had the contract right mentioned above.

<u>Stauth</u>, 236 F.3d at 1263-64. <u>Stauth</u> and <u>An-Son</u> stand for the unremarkable proposition that the parties to an insurance contract are entitled to the benefit of their bargain. This proposition is well-recognized in Oklahoma insurance jurisprudence. This principle does not

apply here where the Defendants are not and never have been parties to the insurance contract.  That they may at some point have benefitted from the insurance policy is not, standing alone, sufficient reason to bring § 3629 into play.  By its plain language that statute is intended to impose additional incentives for an insured and insurer to resolve their differences quickly.  No such incentive is at work in this case where the Defendants must first establish a right to recover from the insured before they may bring a claim on the policy.  Plaintiff's theory would broaden the reach of § 3629 beyond the point of recognition and permit an award of attorneys' fees whenever insurance was even remotely at issue.  Such a construction is not permissible under Oklahoma law.

In the alternative, Plaintiff argues that it may recover attorneys' fees pursuant to 12 Okla. Stat. § 1190.  To support this argument, Plaintiff asserts that Defendants' claims were tantamount to a garnishment action, as the only issue was whether Plaintiff was required to indemnify Defendant Daniel by paying any judgment entered against him.  Of course, Plaintiff's argument overlooks the fact that there has been no judgment entered against Defendant Daniel and no garnishment action initiated.  By its plain language and the facts of this case, § 1190 has no application.

Plaintiff next points to the declaratory judgment act as authority for an award of attorneys' fees.  According to Plaintiff, 28 U.S.C. § 2202 permits an award of attorneys' fees as a matter of discretion because Defendants' arguments for coverage lacked any reasonable chance of success.  Plaintiff cites <u>Security Insurance Co. v. White</u>, 236 F.2d 215 (10th Cir. 1956), in support of its argument.  The rationale applied by the circuit in <u>Security Insurance</u>

renders that case inapplicable to the present dispute. Although the circuit upheld an attorneys' fee award in <u>Security Insurance</u>, that decision was made because the fees had been awarded as an element of damages necessary to provide the plaintiff full relief. <u>Id.</u> at 220 (recognizing that it is not a primary function in a declaratory judgment action to award damages, but when necessary to effect the relief warranted by the declaratory judgment, fees may be awarded as an element of damages). This rule has no application in the present case and Plaintiff's reliance on § 2201 is misplaced.

In a last ditch effort, Plaintiff argues it should recover its attorneys' fees pursuant to <u>City National Bank & Trust Company of Oklahoma City v. Owens</u>, 1977 OK 86, 565 P.2d 4, 7, <u>superseded by statute on other grounds</u>, 23 Okla. Stat. § 103. "<u>City National</u> recognized certain exceptions to the American Rule in Oklahoma, including the award of counsel fees to a successful party when his opponent has acted 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" <u>Barnes v. Okla. Farm Bureau Mut. Ins. Co.</u>, 2004 OK 25, ¶ 13, 94 P.3d 25, 29 (<u>quoting</u> <u>City National</u>, 1977 OK 86, ¶ 12, 565 P.2d at 8). Despite Plaintiff's arguments to the contrary, Defendants' conduct herein in no way approaches the type of conduct warranting an award of fees under <u>City National</u>. Plaintiff brought this action to clarify its obligations under the insurance policy. Defendants responded with an argument to the contrary. The simple fact that the Court agreed with Plaintiff's argument and not Defendants' argument, does not mean that argument was brought in bad faith, vexatiously, wantonly, or for oppressive reasons. <u>See</u> <u>State ex rel. Tal v. City of Oklahoma City</u>, 2002 OK 97, ¶ 26, 61 P.3d 234, 247. Plaintiff's request for fees will be denied.

4

For the reasons set forth herein, Plaintiff's Motion for Attorney Fees (Dkt. No. 44) is

DENIED.

IT IS SO ORDERED this 25th day of November, 2008.


ROBIN J. CAUTHRON
United States District Judge